"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRILEY, JUSTIN THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HERMOSA BEACH, CHIEF MICHAEL LAVIN, JONATHAN SIBBALD, LANDON PHILLIPS, SGT. NANCY COOK, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. CV 05-8127 AG (SHx)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION OF PLAINTIFFS' "MALICIOUS PROSECUTION" CLAIMS |

   This case deals with the claims of two individuals who were arrested after a short struggle at the Hermosa Beach Pier Plaza on the Fourth of July. Before the Court is the Motion of the Defendants, City of Hermosa Beach, Chief Michael Lavin, Jonathon Sibbald, Landon Phillips, and Sgt. Nancy Cook ("Hermosa Beach Defendants") for Summary Adjudication of Plaintiff's "Malicious Prosecution" Claims. After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court GRANTS the Motion.

**BACKGROUND**

The facts of this case are set forth in this Court's order dealing with Defendants' Motion for Summary Judgment, or in the Alternative Summary Adjudication of Plaintiffs' "False Arrest" and "Excessive Force" Claims ("False Arrest Order"). The Court restates them here.

On the afternoon of July 4, 2003, Plaintiffs Christopher Briley and Justin Thomas went to the crowded Hermosa Beach Pier Plaza area with a group of friends. (Plaintiffs' Responses to Defendants' Statements of Uncontroverted Facts and Conclusions of Law in Opposition of Motion for Summary Judgment, or in the Alternative Summary Adjudication of Plaintiffs' "False Arrest" and "Excessive Force" Claims ("Responses") ¶ 3.) They walked along the Strand, which is a pedestrian walkway bordering the beach. (*Id.* ¶ 4.) During their walk, one member of the group, Randy Wareberg, encountered a man named Shaun Gallagher. The two men began to have an argument. (*Id.* ¶¶ 4-5.) Their interaction caused Hermosa Beach Police Officer Jonathan Sibbald to separate them and to order them to leave the beach. (*Id.* ¶ 6-7.)

Wareberg, Briley, and Thomas continued to walk along the Strand approximately two blocks until they reached the Pier Plaza. (*Id.* ¶ 8; Thomas Deposition 151:9.) Once there, in a crowded area, Wareberg again encountered Gallagher. (Responses ¶ 8.) The interaction on the Pier Plaza between Wareberg and Gallagher and the subsequent events is recorded on a video filmed by local college students. (Harrell Declaration, Exhibit A ("Video").) The following recitation of facts is drawn from facts agreed upon by the parties and from the Court's independent viewing of the video. The Court describes portions of the video that are indisputable. *See Scott v. Harris*, 127 S.Ct. 1769, 1774-1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by [a video], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

The video undisputedly shows Wareberg and Gallagher gesturing, speaking, and posturing as if to fight, while other civilians try to separate them. (Responses ¶¶ 9-10; Video

2:11:00-2:32:20.)  Plaintiff Thomas testified that the interaction escalated into a "group thing" between Plaintiffs' group and Gallagher's friends, and that "they all looked like they wanted to fight."  (Responses ¶ 11.)  Officer Sibbald then approaches Wareberg, grabs him by the throat with his left hand, and pushes him back approximately five steps before taking him to the ground.  (Responses ¶ 12; Video 2:32:29-2:37:06.)  Officer Sibbald holds Wareberg in a seated position on the ground and handcuffs his hands behind his back.  (Responses ¶ 13; Video 2:47:28-3:02:22.)  At this point, other uniformed officers appear on the scene, and they create a perimeter around Officer Sibbald and Wareberg, forcing the shouting crowd of hundreds of people to move outside of it.  (Responses ¶¶ 14-17; Video 2:38:00-2:46:00.)  The officers push people who do not honor the perimeter, which is approximately thirty feet in diameter.  (Video 2:38:00-2:46:00.)  Sergeant Cook is seen to wrench the finger of Plaintiff Thomas, who was standing inside the perimeter, while telling him to "Back up!"  (Responses ¶¶ 20, 22; Video 2:40:17-2:42:00.)

At this point, the video cuts away from the action at what appears to be a pivotal moment.  When the camera swings back to the action, Plaintiff Briley is seen in an altercation with three police officers.  (Video 3:21:00-3:26:00.)  They attempt to restrain him, one from the front, one from the back, and one from the side, and he tries to keep them away.  (*Id.*)  He spreads his arms and shouts, "I ain't doing shit!" before being taken to the ground.  (Video 3:31:29.)  The officers struggle to place his hands behind his back to handcuff him.  (Video 3:32:30-3:45:20.)

While Briley and the police officers are struggling, Plaintiff Thomas seems to be misguidedly attempting to calm the situation.  He enters the perimeter, moves around Sergeant Cook who is watching the struggle, approaches close to Briley and the officers, and repeatedly shouts, "Briley, kick it!  Kick it!" (Video 3:24:20-3:26:00.)  Sergeant Cook then notices him, puts her arm across his chest, says, "Get out of here," and pushes him back away from Briley and the other officers.  (Responses ¶ 46; Video 3:25:00-3:28:00.)  Despite Sergeant Cook's efforts, Thomas remains inside the perimeter and continues to attempt to move toward and shout at Briley.  (Video 3:31:26-3:34:28.)  He testified that he wanted to stay, instead of leaving as

1  ordered, because "[s]omebody had to be there to witness what was going on." (Responses ¶ 48.)
2  Eventually, as Thomas continues to approach Briley and the officers, Sergeant Cook wraps her
3  arms around Thomas's waist, pulls him away from Briley and the officers, and takes him to the
4  ground. (Responses ¶ 55; Video 3:46:00-3:48:00.) With Sergeant Cook holding his waist,
5  Thomas pushes himself back into a standing position. (Responses ¶ 56; Video 3:48:06-3:50:10.)
6  He resists Sergeant Cook's continued efforts to take him back to the ground. (Video 3:51:00-
7  3:57:00.)

8      At this point, Officer Phillips grabs Thomas around the neck and pulls Thomas to the
9  ground as Sergeant Cook holds on to his legs. (Responses ¶ 62; Video 3:57:00-3:59:20.) With
10 two officers trying to keep him on the ground, Thomas again pushes off the ground and gets to
11 his knees. (Responses ¶ 63; Video 4:00:00-4:18:00.) Members of the crowd then throw loud,
12 exploding fireworks into the circle. (Responses ¶ 64; Video 4:10:00-4:35:00.) Next, Officer
13 Sibbald walks toward Sergeant Cook, Officer Phillips, and Thomas. (Responses ¶ 65; Video
14 4:21:00.) As Officer Sibbald reaches the struggling group, he turns around and looks in the
15 direction he came from. (Video 4:24:18.) He says, "Hey!" and runs back to Briley, who is
16 standing with his hands handcuffed behind his back. (Video 4:25:11-4:27:00.) Briley was last
17 shown on the ground forty-one seconds before. (Video 3:46:00.) Officer Sibbald, reaching
18 Briley, puts his arm around his throat and takes him to the ground. (Video 4:27:00-4:26:10.)
19 Officer Sibbald then leaves Briley on the ground and walks back toward Sergeant Cook, Officer
20 Phillips, and Thomas. (Responses ¶ 69; Video 4:28:28.) Briley then stands back up and steps
21 toward Officer Sibbald. (Responses ¶ 69; Video 4:30:00-4:32:00.) Officer Sibbald, seeing
22 Briley standing again, grabs him and forces him to the ground for a third time. (Responses ¶¶ 71,
23 91; Video 4:34:00-4:45:00.) Sibbald holds Briley on the ground with his knee on his chest until
24 other officers arrive on the scene. (Responses ¶ 71; Video 4:34:00-4:45:00.)

25     Ultimately, both Plaintiffs were taken to the Hermosa Beach Jail where they were booked
26 and cited. On July 19, 2003, a criminal complaint was filed against the Plaintiffs, charging them
27 each with violations of Penal Code § 148(a)(1) (interfering with a peace officer). (Opposition
28

4

10:22-24.) The complaint was later amended, adding a charge of battery and a charge of violation of California Penal Code § 415(1) (fighting or threatening to fight in a public place) against Briley. (*Id.* at 10:24-11:1.) At a jury trial in December 2006, Briley was acquitted of the two later-added charges. On April 3, 2007, the deputy city prosecutor dismissed the § 148(a)(1) charges against both Plaintiffs. On November 15, 2007, the Plaintiffs brought a complaint against the Hermosa Beach Defendants for multiple alleged wrongs, including claims for relief under 42 U.S.C. § 1983 for false arrest, excessive force, malicious prosecution, and conspiracy.

**LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

# ANALYSIS

## 1. MALICIOUS PROSECUTION

To prevail on a 42 U.S.C. § 1983 claim for malicious prosecution, Plaintiffs must show that the Hermosa Beach Defendants prosecuted them "with malice and without probable cause." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc)). The Court finds that, since there was probable cause to arrest Plaintiff Thomas for interfering with a police officer, and there was probable cause to arrest Plaintiff Briley for fighting or threatening to fight and for interfering with a police officer, the Defendants did not maliciously prosecute the Plaintiffs as to those charges. As to the final charge, against Plaintiff Briley for battery against Officer Phillips, the Court finds that the Plaintiffs have not overcome the presumption of prosecutorial independence.

### 1.1 Malicious Prosecution and Probable Cause

To prevail on their malicious prosecution claim, Plaintiffs must first show that the Hermosa Beach Defendants prosecuted them "without probable cause." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc)). Plaintiffs who cannot show that probable cause was lacking cannot sue for malicious prosecution. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) ("Because the police had probable cause to arrest Hart, his malicious prosecution claim fails.")

In its False Arrest Order, this Court ruled that the Hermosa Beach police officers had probable cause to arrest Plaintiff Briley for violating California Penal Code § 415(1) (fighting or threatening to fight in public) and Plaintiff Thomas for violating California Penal Code § 148(a)(1) (interfering with a peace officer). Accordingly, the Plaintiffs cannot claim malicious prosecution for those violations. Because Plaintiff Thomas was only charged with interfering

with a police officer, the Defendants' Motion is GRANTED as to Plaintiff Thomas's claim for malicious prosecution.

Also, the Court here rules that the Defendant Police Officers had probable cause to arrest Plaintiff Briley for violating California Penal Code § 148(a)(1) by interfering with a peace officer. The video leaves no question that Plaintiff Briley resisted the police officers when they tried to arrest him. Thus, the Defendants' Motion is GRANTED as to Plaintiff Briley's claim for malicious prosecution as to California Penal Code §§ 148(a)(1) and 415(1).

Plaintiff Briley was also charged with a violation of California Penal Code § 243(b) for battery. The Court now considers whether the Defendant Officers maliciously prosecuted Briley as to that charge.

### 1.2   Malicious Prosecution and Prosecutorial Independence

For malicious prosecution claims against police officers under 42 U.S.C. § 1983, there is a presumption that a decision by a prosecutor to file and pursue a criminal case "break[s] the chain of causation" and absolves the police officers of liability for malicious prosecution. *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006). The plaintiff bears the burden of rebutting such a presumption. *Id.* at 993. The plaintiff can do so by presenting evidence that the officers "interfered with the prosecutor's judgment in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges." *Id.* at 995.

Plaintiff Briley claims that the presumption of prosecutorial independence has been overcome. The Court disagrees. It appears clear from a deposition of Officer Phillips that the city prosecutor decided independently to add the battery charge. (Phillips Deposition 31:25-32:1.) None of the police officers wrote in their police reports that Plaintiff Briley had committed a battery against Officer Phillips. According to Officer Phillips, he did not include battery in his original report because he "didn't see Mr. Briley striking [him] nor did [he] ever

know that [he] was struck by Mr. Briley." (*Id.* at 31:20-21.) Officer Phillips states that the city prosecutor reviewed the video independently, noticed that it appeared that Briley struck Officer Phillips, and asked to speak to Officer Phillips about it. Officer Phillips told him that he had no knowledge of being battered. (*Id.* at 35:21-25.) Thus, Officer Phillips's deposition makes clear that he did nothing to encourage the filing of the battery charge. Plaintiff introduces no evidence disputing the deposition.

Instead, Plaintiff argues that, in his meeting with the city prosecutor, Officer Phillips "concealed [his] assault on Briley." (Opposition 8:8-9.) This concealment, Plaintiff argues, resulted in the battery charge. The Plaintiff reasons that if Officer Phillips had told the city prosecutor that Officer Phillips had battered Briley, the city prosecutor would not have charged Briley with battering Officer Phillips. This is because Officer Phillips's "unprovoked assault on Briley is fully exculpatory of the criminal accusation" against Briley. (Opposition 8:4-5.) The Court disagrees.

First, as decided in the False Arrest Order, Phillips did not "assault" Briley "unprovoked." Instead, he arrested Briley with probable cause for violating California Penal Code § 415(1). Although he may have used more force than was legal in the situation, he did not use an amount of force that violated any clearly established law. (False Arrest Order.) He did not demonstrate bad faith or provocative conduct. And, since "[a]n individual's limited right to offer reasonable resistance is only triggered by an officer's bad faith or provocative conduct," Officer Phillips's arrest of Briley was not "fully exculpatory" of Briley's alleged actions. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

Second, what the city prosecutor thought he saw in the video was Briley hitting Officer Phillips in the back when Officer Phillips's back was turned. (Phillips Deposition 32:11-13.) Even if Officer Phillips had attacked Briley in bad faith, this would not have constituted "reasonable resistance." Thus, even if the city prosecutor had been informed that Officer Phillips had attacked Briley, he likely would have still prosecuted for what he saw as a battery against an officer with his back turned. Officer Phillips's alleged failure to describe in colorful

detail the events that transcribed before the beginning of the video is not enough to overcome the presumption of prosecutorial independence. The Defendants' Motion is GRANTED as to Plaintiff Briley's claim for malicious prosecution as to California Penal Code § 243(b).

**DISPOSITION**

    Defendants' Motion is GRANTED.

IT IS SO ORDERED.

DATED: September 29, 2008

_____
Andrew J. Guilford
United States District Judge